WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Valerie Reifenrath, | No. CV-14-08072-PCT-ESW |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Valerie Reifenrath's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her claim for disability insurance benefits. Plaintiff filed her Title II Social Security Disability Insurance application on January 28, 2010, alleging disability beginning November 8, 2007.

This Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction.[1] (Docs. 6,8). After reviewing the Administrative Record ("A.R."),

---

[1] This case was reassigned to Hon. Eileen S. Willett on November 14, 2014.

Plaintiff's Opening Brief (Doc. 15), and Defendant's Response Brief (Doc. 16),[2] the Court finds that the Administrative Law Judge's ("ALJ") decision contains reversible legal error.  For the reasons discussed in Section II(C)(2) below, the Court finds that it is appropriate to remand the matter for further proceedings rather than for an award of benefits.

## I. LEGAL STANDARDS

### A.  Disability Analysis:  Five-Step Evaluation

The Social Security Act provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  To be eligible for benefits, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity.  The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A).

To decide if a claimant is entitled to benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps.  20 C.F.R. § 404.1520(a).  The claimant has the burden of proof regarding the first four steps:[3]

> **Step One**:  Is the claimant engaged in "substantial gainful activity"?  If so, the analysis ends and disability benefits are denied.  Otherwise, the ALJ proceeds to step two.

> **Step Two:**  Does the claimant have a medically severe impairment or combination of impairments?  A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step.  Otherwise, the ALJ proceeds to step three.

---

[2] Plaintiff did not file a Reply brief.

[3] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:**  Does the impairment prevent the claimant from performing work which the claimant performed in the past?  If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis.  20 C.F.R. § 404.1520(e).  Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[4]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience?  The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(f).  Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience.  *Id*.

**B.  Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990).  Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.

---

[4] *Parra*, 481 F.3d at 746.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  PLAINTIFF'S APPEAL

### A.  Procedural Background

Plaintiff, who was born in 1965, has experience working as a bakery/freight worker, cashier, and filing clerk. (A.R. 132, 163). Plaintiff alleges that on November 8, 2007, at the age of 42, she became unable to work due to the following impairments: (i) "back injury with torn disc, [left] shoulder surgery, [left] knee" and (ii) "tingling sensation in face." (A.R. 149).

Plaintiff filed her initial application on January 28, 2010 (A.R. 132), which Social Security denied on February 25, 2010. (A.R. 86). On July 26, 2010, upon Plaintiff's

request for reconsideration, Social Security affirmed the denial of Plaintiff's application. (A.R. 94). Plaintiff then requested a hearing before an ALJ. (A.R. 97). The ALJ held a video hearing on June 19, 2012,[5] during which Plaintiff was represented by an attorney. (A.R. 26-58). In his August 1, 2012 decision, the ALJ found that Plaintiff is not disabled. (A.R. 10-25). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On May 2, 2014, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 8, 2007, the alleged disability onset date. (A.R. 15). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following impairments that are severe when they are considered in combination: (i) a history of chronic low back pain; (ii) a history of knee pain; (iii) status post-surgery of the left knee; (iv) headaches; (v) neck pain; and (vi) status post a fall at Plaintiff's workplace. (A.R. 15). Plaintiff's argues that the ALJ erred in not including Plaintiff's alleged left shoulder problems in the list of severe impairments. (Doc. 15 at 4). Because the Court finds that the case should be remanded for further proceedings based on an error made at step four, the Court does not address Plaintiff's step two challenge.

---

[5] Plaintiff and her attorney appeared in Needles, California, while the ALJ presided over the hearing in Phoenix, Arizona. (A.R. 28).

### 3.  Step Three: Presence of Listed Impairment(s)

The ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations.  (A.R. 16).  Neither party disputes the ALJ's determination at this step.

### 4.  Step Four:  Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §  404.1567(b), subject to the following restrictions:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, but she cannot lift more than 10 pounds with her left upper extremity; the claimant can stand and/or walk 6 hours in an 8-hour workday, with normal breaks; the claimant can sit 6 hours in an 8-hour workday, with normal breaks; the claimant must have a sit/stand option; the claimant cannot crawl, crouch, climb, squat, or kneel; the claimant has no use of lower extremities for pushing and pulling; the claimant has no use of upper extremities for work above shoulder level; and the claimant can perform unskilled work.

(A.R. 16).

Based on the RFC, the ALJ determined that Plaintiff is unable to perform her past relevant work.  (A.R. 19).  Plaintiff disputes the ALJ's assessed RFC, arguing that the ALJ misinterpreted and improperly weighed the evidence.  (Doc. 15 at 5-7).  The Court finds that the ALJ did commit harmful legal error by failing to address the opinion of a physician assistant who stated that "[d]ue to [Plaintiff's] current medical condition . . . she is unable to work."[6]  (A.R. 387).

### 5.  Step Five: Capacity to Perform Other Work

At the November 2012 hearing, a vocational expert ("VE") testified that given Plaintiff's assessed RFC, age, work experience, and education level, Plaintiff would be

---

[6] Both parties incorrectly state that Dr. M.A. Nayer wrote this opinion.  Although the opinion is written on Dr. Nayer's prescription pad, inspection of the signature line reveals that "M. Sandy PA" signed it.  The note was not co-signed by Dr. Nayer.

able to work as a cashier (with a sit/stand option) and parking lot attendant (with a sit/stand option).  (A.R. 53-54).  The ALJ adopted the VE's testimony and found that the jobs identified by the VE exist in significant numbers in the national economy.  (A.R. 20).

The issue at this step pertains to Plaintiff's argument that the ALJ erred at step four in assessing Plaintiff's RFC.  At the hearing, Plaintiff's attorney presented additional limitations to the VE, such as the inability to sit for more than an hour a day and the inability to stand for more than an hour a day.  (A.R. 55-57).  The VE testified that an individual would not be able to perform competitive employment given the additional limitations.  (*Id.*).  If the ALJ erred in not including the additional limitations in the RFC assessment, then the ALJ's determination at step five is also erroneous.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (a hypothetical that fails to take into account a claimant's limitations is defective).

### C.  Plaintiff's Challenge at Step Four

#### 1.  The ALJ Committed Reversible Legal Error at Step Four by Failing to Address Physician Assistant Marshia Sandy's Finding that Plaintiff is Unable to Work

A source that is not an acceptable medical source is considered to be an "other source."  20 C.F.R. 404.1513(d).  "Other sources" include nurse practitioners, therapists, and lay witnesses.  20 C.F.R. § 404.1513.  Information from these "other sources" must still be considered even though the information cannot establish the existence of a medically determinable impairment.  *Id.*  An other source's opinion can be rejected as long as the ALJ provides "germane" reasons, such as finding that the opinion is inconsistent with medical evidence.  *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005).

Here, the administrative record contains treatment records from Tri-State Neurology and Sleep Center dated September 28, 2009 through December 27, 2011.  (A.R. 373-403).  Those records indicate that Plaintiff was treated by Dr. M.A. Nayer, physician assistant ("PA") Temple Gupta, and PA Marshia Sandy.  On July 16, 2010, PA

Sandy signed a note written on Dr. Nayer's prescription pad, which stated: "Due to patient['s] current medical condition which is chronic and ongoing she is unable to work. PT is currently in physical therapy."[7]  (A.R. 387).  The ALJ's decision fails to mention PA Sandy's July 2010 note and other records from Tri-State Neurology and Sleep Center. While an ALJ need not discuss all evidence, he or she must discuss why "significant probative evidence has been rejected."  *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Even though PA Sandy is not an acceptable medical source, her opinion is relevant as to the severity of Plaintiff's impairments.  *See* SSR 06–3P, *available at* 2006 WL 2329939, at *2, 3 (Aug. 9, 2006) (stating that opinions from other sources such as physician assistants "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file"); *see also Tobeler v. Colvin*, 749 F.3d 830, (9th Cir. 2014) (lay witness testimony *as to a claimant's symptoms or how an impairment affects ability to work* is competent evidence that *cannot* be disregarded without comment) (emphasis in original).  The Court finds PA Sandy's July 2010 note to be significant and probative.  The Court cannot conclude that the ALJ's failure to address the note is "inconsequential to the ultimate nondisability determination."  *Tommasetti*, 533 F.3d at 1038.  Therefore, the ALJ's failure to provide germane reasons for rejecting PA Sandy's opinion is reversible legal error.  Because this error alone warrants remand, the Court declines to address Plaintiff's remaining arguments.

### 2.   Remand for Further Proceedings is Appropriate

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases."  *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence.  *Id*. at 1100-01; *Garrison v. Colvin*, 759

---

[7] As mentioned previously, both parties incorrectly state that Dr. Nayer wrote the note.  Inspection of the bottom of the note reveals that it is signed "M. Sandy PA."

F.3d 995, 1020 (9th Cir. 2014).  This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1.  Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion?  *Treichler*, 775 F.3d at 1100-01.

> 2.  Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful?  *Id.* at 1101.  To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."  *Id.*

> 3.  If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand?  *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step).  Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits.  *Id.* at 1101-02.  A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Garrison*, 759 F.3d at 1021.  In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."  775 F.3d at 1105.

Here, PA Sandy's note is ambiguous as to whether PA Sandy believed Plaintiff's medical condition would preclude Plaintiff from work for a continuous period of twelve months.  *See Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001) (impairment must be expected to result in death or for a continuous period of not less than twelve months to establish basis for disability under Social Security Act). PA Sandy's use of the

phrase "due to patient's current condition" and referencing Plaintiff's physical therapy suggests that Plaintiff's condition was expected to improve.  The record is also ambiguous as to (i) the extent of Plaintiff's treating relationship with PA Sandy and (ii) whether PA Sandy worked under the close supervision of Plaintiff's treating physician.[8] This is significant as the Ninth Circuit held in *Taylor v. Comm'r of Soc. Sec. Admin*, 659 F.3d 1228, 1234 (9th Cir. 2011) that a nurse practitioner's opinion was to be considered an opinion from an "acceptable medical source" where the nurse practitioner worked closely under the supervision of the claimant's treating physician.[9]

In addition, PA Sandy's opinion that Plaintiff's condition renders Plaintiff unable to work appears to be in conflict with other records from PA Sandy's place of employment, Tri-State Neurology and Sleep Center.  For example, on January 21, 2011, Dr. Nayer wrote: "Patient has a multiple non specific complains [sic] and is a very poor historian . . . Previous MRI of [b]rain 2009 was unremarkable, CT of head 2010 also unremarkable- yet patient continues to complain.  Symptoms may also be associated with anxiety."  (A.R. 385).  On March 1, 2011, Dr. Nayer stated that Plaintiff "is currently stable no current complain[t]s of numbness or tingling in the face – All diagnostic studies unremarkable. . . . Options discussed to add prophylaxis and abortive therapy for headaches, patient refused at this time states her pain is currently managed with Excedrin for migraines."  (A.R. 381).  As it is the ALJ's responsibility to resolve ambiguities and

---

[8] For example, an August 8, 2011 treatment record states "Progress Notes: M.A. Nayer, M.D.," but it was electronically signed by PA Sandy on October 29, 2011.  (A.R. 375-76).  Similarly, a July 7, 2011 treatment record states "Progress Notes: M.A. Nayer, M.D.," but it was electronically signed by PA Sandy on July 20, 2011.  (A.R. 377-78).  In contrast, a December 27, 2011 record states "Progress Notes: Temple Gupta PA-C" and was electronically signed by PA Gupta on December 28, 2011.  (A.R. 373-74).

[9] *Taylor* relies on *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996).  It is unclear whether *Taylor* and *Gomez* remain good law.  In *Molina*, 674 F.3d at 1112 n.3, the Ninth Circuit noted that the regulatory section relied on in *Gomez* has since been repealed.  The Court, however, did not address its "continued vitality" because a physician did not supervise the nurse practitioner at issue.  *Id.*

- 10 -

conflicts in the evidence, the Court finds that under *Treichler*, the second factor of the credit-as-true rule above has not been met.

Even if the credit-as-true rule has been satisfied, the Court finds that the record raises "serious doubt" as to whether Plaintiff is disabled within the meaning of the Social Security Act. *Garrison*, 759 F.3d at 1021. Evidence in the record that causes such serious doubt includes, but is not limited to the following:

1. On August 11, 2008, Plaintiff stated at a physical therapy appointment that she feels approximately 85% better. (A.R. 249). The physical therapy discharge summary stated that Plaintiff met all of her therapy goals and that Plaintiff's activities of daily living (ADL's) are "Full + Pain-Free." (*Id*.).

2. On October 13, 2008, Dr. Daniel Aschenbrener opined that Plaintiff "should return to work, light duty with restrictions for 6 weeks. At which time, we will release her to full duty." (A.R. 224).

3. The following month, on November 24, 2008, Dr. Aschenbrener released Plaintiff to work with no restrictions. (A.R. 221).

4. Plaintiff stated on March 1, 2011 that her "pain is currently managed with Excedrin for migraines." (A.R. 381).

5. On May 5, 2011, Plaintiff reported to Dr. Daniel Heiner that "her knee is much more comfortable and she is very happy with it." (A.R. 331).

6. At an October 10, 2011 visit at North Country HealthCare, Plaintiff denied back paint, joint pain, joint swelling, body aches, muscle aches, muscle cramps, muscle weakness, and stiffness. (A.R. 341). Plaintiff's gait and station were normal. (A.R. 342).

7. Plaintiff's diagnostic studies, including CT scan of the head, and MRI of the brain were all unremarkable. (A.R. 381, 385).

PA Sandy's 2010 opinion that Plaintiff was unable to work is inconsistent with the above evidence in the record. As mentioned, PA Sandy's opinion is also ambiguous. Given these two issues and the "serious doubt" raised by the record that Plaintiff is in fact

disabled, the Court finds that it is appropriate to remand the case for further proceedings rather than an award of benefits.  *See Treichler*, 775 F.3d at 1105 (finding that crucial questions as to the extent of a claimant's impairment given inconsistencies between the claimant's testimony and the medical evidence in the record are "exactly the sort of issues that should be remanded to the agency for further proceedings"); *see also Greger v. Barnhart* 464 F.3d 968, 972 (9th Cir. 2006) (stating that so long as the ALJ "specifically identif[ies] what testimony is credible and what testimony undermines the claimant's complaints . . . questions of credibility and resolutions of conflicts in the testimony are functions solely of the [ALJ]") (citation omitted).

### III.  CONCLUSION

Based on the foregoing, the Court finds that the decision of the Commissioner of Social Security is not supported by substantial evidence in the record as a whole and based on proper legal standards.  Accordingly,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order.  The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate.  The Clerk of Court is directed to enter judgment accordingly.

Dated this 23rd day of June, 2015.

_____

Eileen S. Willett
United States Magistrate Judge